VAUGHAN, The D. W. See Case No. 4,222.
VAUGHAN, The MARY J. See Case No. 9,217.

VAUGHAN, The MARY JANE. See Case No. 9,216.
VAUGHN (LAMB v.). See Case No. 8,023.
VAUGHN (MIZNER v.). See Case No. 9,678.
VAUGHT (BLOOMER v.). See Case No. 1,560.
VAUX (BRUDENELL v.). See Case No. 2,049.

## Case No. 16,904.
### VEACOCK v. McCALL.
[Gilp. 329.] 1
District Court, E. D. Pennsylvania. June 14, 1832.

SEAMEN'S WAGES — SHIPPING ARTICLES — PAROL EVIDENCE—DISCHARGE IN FOREIGN PORT.

1. Where the shipping articles specify the wages of the mate of a vessel, he cannot give parol evidence of an agreement to allow him other compensation.
[Cited in Page v. Sheffield, Case No. 10,667.]

2. Where the discharge of a seaman at a foreign port, before the termination of the voyage, is involuntary on his part, and without reasonable cause, he does not forfeit his wages, but is entitled to payment up to the time of the arrival of the vessel at the last port of delivery.

On the 26th April, 1831, the libellant [James Veacock] signed a contract to perform a voyage from Philadelphia to Canton and back, as first mate on board the ship Atlantic, at the monthly wages of thirty-five dollars. On the same day the ship sailed, and arrived again at Philadelphia on the 26th March, 1832. While they lay at Canton, a serious difference arose between the libellant and the respondent [Edward McCall], which terminated in the discharge of the former, and he returned in another vessel to the United States, where he arrived on the same day with the Atlantic. On the 14th April, he brought the present suit, to recover the wages claimed to be due.

In the answer the respondent had alleged that the libellant was discharged from the vessel at Canton, for good and sufficient cause; but on the hearing this allegation was withdrawn, and it was agreed that the discharge was to stand, as having been made against the consent of the libellant, and without good cause.

The libellant, in addition to the contract contained in the shipping articles for wages at the rate of thirty-five dollars a month, and which was not controverted by the respondent, offered parol testimony of an agreement by the respondent to allow him "three tons privilege in the vessel," which was valued at the sum of forty-five dollars a ton, amounting to one hundred and thirty-five dollars.

Mr. Dunlap, for respondent.

This evidence is objected to. The articles contain the whole contract between the parties, and the attempt now made is to vary

1 [Reported by Henry D. Gilpin, Esq.]

that contract. It is an endeavour to prove that the libellant is entitled to a higher compensation than that stated in the articles. They are the written and solemn evidence of the contract. They are, besides, specially required by the act of congress, under severe penalties. The object of the law is to prevent these verbal arrangements, and to ascertain in a solemn form, before the voyage begins. the rights and duties of all parties. owners, master, officers and seamen. The decisions of the courts of admiralty and common law have uniformly sustained this principle. 1 Story, Laws, 102 [1 Stat. 131]; Abb. Shipp. 434, 441; Bartlett v. Wyman, 14 Johns. 260; Johnson v. Dalton, 1 Cow. 543: White v. Wilson, 2 Bos. & P. 116; The Isabella, 2 C. Rob. Adm. 241; Elsworth v. Woolmore, 5 Esp. 84.

Mr. Kittera, for libellant.

The rule now adopted as to the admission of parol evidence. where there is a written contract, is that it shall not be received to contradict. but it may be to explain it, by showing what passed between the parties at the time it was made. It is not necessary that the contract of seamen should be in writing. One contract which he makes may be in writing, another may be by parol. This evidence does not relate to wages, but to compensation of a peculiar and additional nature; it is well settled that courts of admiralty will protect such agreements though not stated in the articles. Willard v. Dorr [Case No. 17,680]; The Minerva, 1 Hagg. Adm. 347; The George Home, 1 Hagg. Adm. 377.

HOPKINSON, District Judge, rejected the evidence.

Decree: That the libellant, James Veacock. recover and have paid to him the sum of one hundred and ninety-five dollars. being the full amount of his wages for the whole voyage out and home, after deducting therefrom the moneys paid to him or to his order.